William A. Newsom S.B.I.# 257517
Delaware Correctional Center
Smyrna, Delaware

ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

William A. Newsom,
    Plaintiff,

-v-

Governor Ruth Ann Minner
Barbara Brown, Office Const. Rel.
Bureau Chief Paul Howard
Commissioner Stanley W. Taylor
Deputy Warden Elizabeth Burris
Deputy Warden David Pierce
Captain Sagers
Security Superintendant Cunningham
First Correctional Medical, LLC.
Dr. Sitta Alie
Dr. Brown
L. Hunter (Medical Grievance Comm.)
D. Mozie  (Medical Grievance Comm.)
D. Reeve  (Medical Grievance Comm.)
T. Hastings (Medical Grievance Comm.)
L. Merson (Inmate Grievance Chairperson)
ET. AL.

Case No. 05 - 673

Complaint for Damages

(Suing all defendants in their individual capacity)

JURY TRIAL REQUESTED



FILED
SEP 15 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

"This is a complaint for injunctive relief and damages brought under 42 U.S.C. 1983, in connection with the delib--erate and unreasonable lack of medical care on plaintiff William A. Newsom, a prisoner at Delaware Correctional Center, by defendants listed above. The deliberate and unreasonable lack of medical care on plaintiff was a violation of his Con--stitutional rights under the Eight Amendment's prohibition against cruel and unusual punishment and the Due Process clause of the Fourteenth Amendment."



ORIGINAL COPY

## I. Jurisdiction

"This case is brought pursuant to 42 U.S.C. section 1983 because plaintiff's Constitutional Rights were violated by an individual acting under the color of State Law. Jurisdiction is based upon 28 U.S.C. sections 1331 and 1334. The court also has Supplementle Jurisdiction over the state claims.

## II. Previous Lawsuits

William A. Newsom -v- State of Delaware Department of Corrections, Warden Thomas Carroll, Rebecca McBride, Bureau chief Paul Howard, ET. AL.

Civil action No. : 03-635-GMS
Filing date : July 10, 2003
Assigned to: Honorable Gregory M. Sleet

## III. Prisoner Grievance Procedures

Is there a prisoner grievance procedure in this Institution? YES

Did you present the facts relating to your complaint in the State Prison Grievance Procedure ? YES

If answer is yes, What steps did you take :

1) I filed (3) seperate medical grievances on 10-22-03, 5-31-04, and 7-19-04.

2) I sent letters to Governor Ruth Ann Minner, Commisioner Stanley Taylor, Bureau Chief Paul Howard, Deputy Warden Elizabeth Burris and David Pierce, Terry Hastings, the A.C.L.U. , and Delaware Center for Justice.

What was the results ? :

1) In regards to the grievances, I was never given a level II hearing until September 14, 2004 at approx. 12:40 pm when at that time I was denied my right to be present at the hearing and my grievances were denied. This was a violation of plaintiff's due process rights as well as Institution policy and procedure ( Grievance Procedure 4.4 ).

2) In regards to the letters sent, all the defendants that plaintiff wrote contacted plaintiff back stating that they would look into the matter or would have somebody else look into the matter.

## IV. PARTIES

1) Plaintiff William A. Newsom is a prisoner of the State of Delaware in the custody of the Delaware Department of Corrections, confined to Delaware Correctional Center 1181 Paddock Rd. Smyrna, DE. 19977

2) Defendant Governor Ruth Ann Minner is employed as Governor of the State of Delaware at the Governors office Tatnall Bldg. 150 William Penn St. Dover, Delaware 19901

3) Defendant Barbara Brown is employed as Director of Constituent Relations at Governors office Tatnall Bldg. 150 William Penn St. Dover, Delaware 19901

4) Defendant Bureau Chief Paul Howerd is employed as D.O.C. Bureau Chief at D.O.C. Administrative office 245 McKee Rd. Dover, Delaware 19904

5) Defendant Stanley Taylor is employed as D.O.C. Commissioner at D.O.C. Administrative office 245 McKee Rd. Dover, Delaware 19904

6) Defendant Elizabeth Burris is employed as Deputy Warden at Delaware Correctional Center 1181 Paddock Rd. Smyrna, Delaware 19977

7) Defendant David Pierce is employed as Deputy Warden at Delaware Correctional Center 1181 Paddock Rd. Smyrna, Delaware 19977

8) Dfendant Captain Sagers is employed as a Captain at Delaware Correctional Center 1181 Paddock Rd. Smyrna, Delaware 19977

9) Defendant Security Superintendant Cunningham is employed as Security Superintendant at Delaware Correctional Center 1181 Paddock Rd. Smyrna, Delaware 19977

10) Defendant First Correctional Medical, LLC. is employed as medical provider for D.O.C. at D.O.C. administrative office 245 McKee Rd. Dover, Delaware 19904

11) Defendant Dr. Sitta Alie is employed as a doctor at Delaware Correctional Center 1181 Paddock Rd. Smyrna, Delaware 19977

12) Defendant Dr. Brown is employed as a doctor at Delaware Correctional Center 1181 Paddock Rd. Smyrna, Delaware 19977

13) Defendant L. Hunter is employed as a medical grievance committee at Delaware Correctional Center 1181 Paddock Rd. Smyrna, Delaware 19977

14) Defendant D. Mozie is employed as Medical Grievance Committee at Delaware Correctional Center 1181 Paddock Rd. Smyrna, Delaware 19977

15) Defendant D. Reeve is employed as medical grievance committee at Delaware Correctional Center 1181 Paddock Rd. Smyrna, Delaware 19977

16) Defendant T. Hastings is employed as medical grievance committee at Delaware Correctional Center 1181 Paddock Rd. Smyrna, Delaware 19977

17) Defendant L. Merson is employed as Inmate Grievance Chairperson at Delaware Correctional Ceneter 1181 Paddock Rd. Smyrna, Delaware 19977

18) Any other defendants ET. AL. who have yet to be discovered

V. Statement of Claim

1) On the afternoon of September 25, 2003, at approximately 2:00 pm, plaintiff severely injured his finger while out for recreation and yard in the Pre-trial housing unit.

2) Plaintiff was sent immediately to the prison hospital where he was examined by a nurse on the medical staff whose oppinion was "You probably just sprained your finger". I was in Great pain and couldn't move the finger at all. It was visibaly appearant that the finger was more than sprained due to the disfiguration. The nurse put the finger in a splint and scheduled the plaintiff for a X-ray.

3) Plaintiff was X-rayed 4 days later on September 29, 2003. At this time Dr. Sitta Alie examined the X-rays and the finger, found the finger to have a chronic fracture and dislocation, and attempted closed reduction several times to correct the problem, but was unsuccesful. DR. Alie immediately scheduled me to see an outside orthopedic surgeon.

4) Plaintiff was seen on October 17, 2003 by Dr. Manifold, a outside doctor, at his office in Dover, Delaware. Plaintiff advised Dr. Manifold that he was having severe and chronic pain in his injured finger. Dr. Manifold examined plaintiff, took more X-rays, and advised the plaintiff that he did indeed have a "chronic dorsal pip joint fracture and dislocation". Dr. Manifold's plan for treatment was explained to the plaintiff. Dr. Manifold stated in his plan that the plaintiff needed "significant reconstructive hand surgery and possible fusion of the joint." Dr. Manifold further stated that this needed "to be done immediately to avoid further stiffness in the joint, further pain, and possible permanent damage". Dr. Manifold sent his

recomendation to defendant Dr. Sitta Alie at the prison hospital, (see exhibit "F" ).

5) Defendant Dr. Alie showed deliberate indifference when she failed to act on Dr. Manifold's recomendation causing the plaintiff to continue to suffer severe and chronic pain as well as possible permanent damage to his finger through her deliberate and unreasonable medical care on the plaintiff.

6) Plaintiff filed his first medical grievance on October 22, 2003, ( see exhibit "A" ).

7) Medical liason Brenda Holwerda responded to plaintiff's grievance on November 3, 2003 with an informal resolution, examined plaintiff's finger, and advised that the plaintiff should have been given proper and reasonable medical care. She then reffered plaintiff's grievance for a level II hearing

8) Plaintiff was transfered out of D.C.C. on December 4, 2003 on a Federal Detainer to face criminal charges. Plaintiff had still not received his level II hearing at the time of his transfer.

9) Plaintiff returned from his detainer on May 20, 2004 and was seen by " nurse Jane Doe " whom did the plaintiff's medical intake at D.C.C. booking and receiving. Nurse " Jane Doe " asked if the plaintiff was having any medical problems. plai--ntiff stated that he was having severe and chronic pain in his damaged finger. Nurse "Jane Doe" stated that " I will get you scheduled to see the doctor".

10) Plaintiff was still not seen by the doctor and filed his second medical grievance on May 31, 2004, (see exhibit "B" ).

11) Medical liason Brenda Holwerda saw plaintiff on June 7, 2004 with another informal grievance resolution and put plaintiff in for another level II hearing, (see exhibit "C1 to C5 ).

12) Plaintiff didn't receive his level II hearing and filed a third medical grievance on July 19, 2004, (see exhibit "D" ).

13) Plaintiff was finally called for a level II hearing on September 14, 2004, at which time he was denied his right to be present at the grievance hearing.

14) Plaintiff received notice that his second grievance was denied because I was out on a detainer for 8 months and have not submitted a sick call slip since return to D.C.C., (see exhibit "C5"). Plaintiff also received notice that his third grievance was denied because " no action was requested", ( see exhibit "E3").

15) Plaintiff immediately filed an appeal on September 17, 2004. When plaintiff didn't hear anything about his appeal, plaintiff filed a regular grievance on November 22, 2004 requesting an investigation as to why I was denied my right to be present at the level II hearing and why I never received a response back on the appeal that was filed, ( see exhibit "G" ).

16) Plaintiff received a response on December 8, 2004, stating that " I exceeded the time for filing, put in another sick call slip then grieve again if not--hing happens", ( see exhibit "H" front and back ).

17) In response to the denial of grievance, plaintiff sent a letter to defendant Deputy Warden Burris and defendant Captain Sagers on July 19, 2004, ( see exhibit "I").

18) Defendant Deputy Warden Burris responded back on September 9, 2004 requesting defendant Security Superintendant Cunningham to follow up with the medical department, ( see exhibit "J" ). Defendant Captain Sagers and defendant Superintendant Cunningham never responded back to plaintiff.

19) Plaintiff sent a letter to Terry Hastings at the medical department in refference to grievance #3920 ( see exhibit "K" ). Letter was sent on July 29, 2004, Defendant Terry Hastings did not respond back.

20) Plaintiff sent a letter to defendant Deputy Warden David Pierce including all exhibits attached to this complaint requesting action to be taken in regards to the deliberate and unreasonable lack of medical care on plaintiff. This letter was sent to Defendant Deputy Warden Pierce approximately in September or October 2004. Defendant Deputy Warden Pierce did not respond back. Furthermore, when plaintiff's fiance contacted defendant Deputy Warden Pierce concerning plaintiff's chronic pain and suffering, defendant Deputy Warden Pierce took the position that the "plaintiff is receiving motrin for pain".

21) When receiving no further assistance with this matter, plaintiff sent a letter to Delaware Center for Justice on September 16, 2004, ( see exhibit "L" ). D.C.J responded back on September 27, 2004 stating that " We are aware of your September 14, 2004 grievance and will monitor if neccessary", ( see exhibit "M" ).

22) On September 16, 2004, plaintiff sent a letter to defendant Governor Ruth Ann Minner asking her to in--tervene with the deliberate and unreasonable lack of medical care on plaintiff, ( see exhibit "N" ). Defendant Governor Minner's office responded back on September 22, 2004 stating, " The Governor is in receipt of your letter and has asked the office of Constituant Relations to respond on her behalf". Defendant Barbara Brown asked defendant Commisioner Stanley Taylor to, " Review plaintiff's letter and take appropriate action", ( see Exhibit "O").

23) When plaintiff didn't hear anything more from de-
-fendants Governor Minner, Barbara Brown, or
Stanley Taylor, plaintiff sent a letter to th A.C.L.U.
on November 12, 2004, ( see Exhibit "P" ).

24) The A.C.L.U. responded back on December 1, 2004, st-
-ating, " The A.C.L.U. has referred your case to D.C.J.".
D.C.J. responded back on December 13, 2004, stating that
they encourage me to await the decision of the Bureau
Chief, ( see Exhibit's"Q and R").

25) After no further action was taken, plaintiff sent
a letter to defendant Bureau Chief Paul Howard as a
final appeal and plea for help. Letter was sent on
February 28, 2005, ( see Exhibit "S" ).

26) Plaintiff is still in chronic pain as of the filing
of this complaint.

27) Plaintiff has exhausted all administrative remedies
and has given defendants ample opportunity to correct
the problem of deliberate and lack of medical care on
plaintiff prior to the filing of this document.


VI.  Claim for Relief

1) The deliberate and unreasonable lack of medical care
on the plaintiff by all listed defendants, violated
his rights and constituted cruel and unusual punishment
under the Eight amendment of the United States Const-
-itution. Defendants acted with both objective and
subjective deliberate indifference.

2) The deliberate and unreasonable lack of medical care
on plaintiff by all listed defendants, violated the
Due Process clause of the Fourteenth amendment of the
United States Constitution.

Prayer for Relief

Wherefor, the plaintiff prays for relief as follows:

1) That the court enter judgement declaring the acts of
all listed defendants to violate the rights of plaintiff
under the Eight and Fourteenth amendment of the U.S.
Constitution.

2) That the court award general damages to the plaintiff
in the amount of $75,000.00 .

3) That the court award punitive damages in the amount of $150,000.00.

4) That the court grant such other relief to plaintiff as it deems appropriate.

DATE: September 2, 2005

*William A. Newsom*
William A. Newsom
S.B.I. # 257317
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK RD.
SMYRNA, DELAWARE
19977



FROM:
William A. Newsom
SBI #257317  Y-Bldg/D-1
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977