IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM A. NEWSOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-673-GMS |
| ) | |
| GOVERNOR RUTH ANN ) | |
| MINNER, BARBARA BROWN, ) | |
| BUREAU CHIEF PAUL ) | |
| HOWARD, COMMISSIONER ) | |
| STANLEY TAYLOR, DEPUTY ) | |
| WARDEN ELIZABETH BURRIS, ) | |
| DEPUTY WARDEN DAVID ) | |
| PIERCE, CAPTAIN SAGERS, ) | |
| SECURITY SUPERINTENDENT ) | |
| CUNNINGHAM, FIRST ) | |
| CORRECTIONAL MEDICAL, ) | |
| LLC, DR. SITTA B. ALIE, ) | |
| DR. BROWN, L. HUNTER, ) | |
| D. MOZIE, D. REEVE, ) | |
| T. HASTINGS, L. MERSON, and ) | |
| UNKNOWN DEFENDANTS. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff William A. Newsom ("Newsom"), an inmate at the Delaware Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

I.  **THE COMPLAINT**

Newsom raises two claims in his complaint. The first claim is for deliberate indifference to a serious medical need in relation to lack of medical treatment as a result of a severe finger

injury Newsom sustained on September 25, 2003. The second claim alleges a violation of Newsom's right to due process as a result of denial of his grievances seeking medical treatment and care. Newsom particularly alleges that he was not provided a Level II hearing, he was denied the right to be present at a hearing, and there were no responses to his appeals.

Newsom sues a number of defendants, ranging from the Governor of Delaware to members of the grievance committee. He seeks injunctive relief and compensatory damages.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A. Medical Care

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

### B. Personal Involvement

In his pursuit of medical care Newsom wrote to a number of state officials including Governor Run Ann Minner ("Governor Minner"), Director of Constituent Relations Barbara Brown ("Brown"), and Deputy Warden Elizabeth Burris ("Deputy Warden Burris"). He also names as a defendant Dr. Brown ("Dr. Brown"). When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through

allegations that a defendant directed, had actual knowledge or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ; see *Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978).

The allegations against Governor Minner, Brown, and Deputy Warden Burris indicate that when alerted to Newsom's complaints, they took action to remedy the situation. Newsom wrote to Governor Minner and, as alleged by Newsom, he received a responsive letter that stated the Governor had asked Constituent Relations to respond on her behalf. (D.I. 2, para. 22.) Brown of the Constituent Relations office advised Newsom that his complaint letter was being sent to Commissioner Stanley Taylor to review and take appropriate action. *Id.* In the same fashion, after Newsom wrote to Deputy Warden Burris regarding his complaints, she responded that she had requested a follow-up by the medical department, Captain Sagers, and Superintendent Cunningham. Given the affirmative action taken by these defendants once notified of Newsom's complaint, it cannot be said that they acquiesced in any alleged constitutional deprivation against Newsom. As to Dr. Brown, the complaint contains no allegations against him, and Newsom provided no facts to support a claim against him.

Because the claims against Governor Minner, Brown, Deputy Warden Burris, and Dr. Brown do not allege adequate personal involvement to deprive Newsom of a constitutional right, the claims against them are dismissed for failure to state a claim upon which relief may be granted.

    **C.**    **Due Process**

Newsom alleges his right to due process was violated during the course of the many grievances he filed to obtain proper medical treatment. More particularly, he alleges that he was

not provided with a Level II hearing, he was denied the right to be present at the hearing, and there was no response to his appeals. He brings suit against the following members of the medical grievance committee: L. Hunter, D. Mozie, D. Reeve, and T. Hastings. He also names as a defendant L. Merson, the inmate grievance chairperson.

Prisoners possess the constitutional right of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. *Booth v. King*, 346 F.Supp.2d 751,761(E.D.Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. *Burnside v. Moser*, No. 04-4713, 138 Fed.Appx. 414, 415(3d Cir. 2005). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. *Hoover v. Watson*, 886 F.Supp. 410, 418-419 (D.Del.), *aff'd,* 74 F.3d 1226 (3d Cir. 1995).

Case law provides that Newsom cannot maintain a due process violation claim based upon his perception that his grievances were not properly processed. Therefore, Newsom's claims against L. Hunter, D. Mozie, D. Reeve, T. Hastings, and L. Merson have no arguable legal basis. They are, therefore, dismissed as frivolous.

### IV.   CONCLUSION

Based upon the foregoing analysis, the claims against defendants Governor Ruth Ann Minner, Barbara Brown, Deputy Warden Elizabeth Burris, and Dr. Brown are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The due process claims against defendants L. Hunter, D.

Mozie, D. Reeve, T. Hastings, and L. Merson are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Newsom is allowed to proceed against the remaining defendants on his claim for deliberate indifference to a serious medical need. An appropriate order will be entered.

/s/ _____
UNITED STATES DISTRICT JUDGE

March 31, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM A. NEWSOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-673-GMS |
| | ) |
| GOVERNOR RUTH ANN | ) |
| MINNER, BARBARA BROWN, | ) |
| BUREAU CHIEF PAUL | ) |
| HOWARD, COMMISSIONER | ) |
| STANLEY TAYLOR, DEPUTY | ) |
| WARDEN ELIZABETH BURRIS, | ) |
| DEPUTY WARDEN DAVID | ) |
| PIERCE, CAPTAIN SAGERS, | ) |
| SECURITY SUPERINTENDENT | ) |
| CUNNINGHAM, FIRST | ) |
| CORRECTIONAL MEDICAL, | ) |
| LLC, DR. SITTA B. ALIE, | ) |
| DR. BROWN, L. HUNTER, | ) |
| D. MOZIE, D. REEVE, | ) |
| T. HASTINGS, L. MERSON, and | ) |
| UNKNOWN DEFENDANTS. | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 31st day of March, 2006, for the reasons set forth in the Memorandum issued this date,

1. The claims against defendants Governor Ruth Ann Minner, Barbara Brown, Deputy Warden Elizabeth Burris, Dr. Brown L. Hunter, D. Mozie, D. Reeve, T. Hastings, and L. Merson are DISMISSED without prejudice for failure to state a claim upon which relief may be granted and as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The court has identified cognizable Eighth Amendment claims within the meaning

of 28 U.S.C. § 1915A(b) against defendants Bureau Chief Paul Howard, Commissioner Stanley W. Taylor, Deputy Warden David Pierce, Captain Sagers, Security Superintendent Cunningham, First Correctional Medical, LLC, and Dr. Sitta B. Alie. Newsom is allowed to PROCEED against these defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **defendants Bureau Chief Paul Howard, Commissioner Stanley W. Taylor, Deputy Warden David Pierce, Captain Sagers, Security Superintendent Cunningham, First Correctional Medical, LLC,** and **Dr. Sitta B. Alie** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). **Additionally, the plaintiff has provided the court with one copy of the complaint (D.I. 2) for service upon each of the remaining defendants. The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit"

form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4.      Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.      Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.      No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.      **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8.      **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior

to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
UNITED STATES DISTRICT JUDGE