IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM A. NEWSOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-673-GMS |
| | ) | |
| BUREAU CHIEF PAUL HOWARD, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

## STATE DEFENDANTS' ANSWER TO THE COMPLAINT

COME NOW Defendants Bureau Chief Paul Howard, Commissioner Stanley Taylor and Deputy Warden David Pierce ("State Defendants"), by and through the undersigned counsel, and hereby answer the Complaint:

Paragraph beginning "This is a complaint:" State Defendants deny the allegations set forth in this paragraph of the Complaint.

Jurisdiction

Admitted that jurisdiction is based upon 28 *U.S.C.* § 1331 and that this Court has supplemental jurisdiction over related claims as permitted by 28 *U.S.C.* § 1367. State Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

Previous Lawsuits

Admitted that Plaintiff previously filed a lawsuit captioned *Newsom v. State of Delaware Department of Correction,* C.A. No. 03-635-GMS. State Defendants are without sufficient information to admit or deny the allegation that Plaintiff has filed no other lawsuits.

Prisoner Grievance Procedures

Admitted that there is a prison grievance procedure at Delaware Correctional Center ("DCC").

Admitted that Plaintiff filed grievances on October 22, 2003, May 31, 2004 and July 19, 2004. Denied that Plaintiff exhausted his administrative remedies.

1. Admitted.

2. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

1. Denied.

2. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

Parties

1. Admitted.

2. Governor Minner has been dismissed as a defendant in this action and therefore no response is required.

3. Barbara Brown has been dismissed as a defendant in this action and therefore no response is required.

4. Admitted, as of the date of the filing of this Answer.

5. Admitted, as of the date of the filing of this Answer.

6. Deputy Warden Burris has been dismissed as a defendant in this action and therefore no response is required.

7. Admitted, as of the date of the filing of this Answer.

8. Denied.[1]

9. Denied.[2]

10. Denied.

11. Denied.

12. Dr. Brown has been dismissed as a defendant in this action and therefore no response is required.

13. L. Hunter has been dismissed as a defendant in this action and therefore no response is required.

14. D. Mozie has been dismissed as a defendant in this action and therefore no response is required.

15. D. Reeve has been dismissed as a defendant in this action and therefore no response is required.

16. T. Hastings has been dismissed as a defendant in this action and therefore no response is required.

17. L. Merson has been dismissed as a defendant in this action and therefore no response is required.

18. No response is required to this paragraph of the Complaint.

Statement of the Claim

1. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

2. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

---

[1] As of the date of the filing of this Answer, Sagers has not been served in this action.
[2] As of the date of the filing of this Answer, Cunningham has not been served in this action.

3. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

4. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

5. This paragraph is not directed to State Defendants and therefore no response is required. To the extent that a response is required, State Defendants deny the allegations set forth in this paragraph of the Complaint.

6. Admitted that Plaintiff filed a medical grievance dated October 22, 2003.

7. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

8. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

9. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

10. Admitted that Plaintiff filed a medical grievance dated May 31, 2004. State Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph of the Complaint.

11. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

12. Admitted that Plaintiff filed a medical grievance dated July 19, 2004. State Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

13. Admitted that a Level II grievance hearing took place on September 14,

2004. State Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

14. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

15. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

16. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

17. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

18. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

19. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

20. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

21. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

22. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

23. State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

24. State Defendants are without sufficient information to admit or deny the

allegations set forth in this paragraph of the Complaint.

    25.    State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

    26.    State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph of the Complaint.

    27.    Denied.

<u>Claim for Relief</u>

    1.    Denied.

    2.    Denied.

## **RELIEF**

    1.    It is specifically denied that Plaintiff is entitled to compensatory, punitive or any monetary damages.

    2.    It is specifically denied that Plaintiff is entitled to injunctive, declaratory or any other relief.

## **AFFIRMATIVE DEFENSES**

    3.    Plaintiff has failed to state a claim upon which relief can be granted.

    4.    Plaintiff has failed to exhaust his administrative remedies.

    5.    State Defendants are immune from liability under the Eleventh Amendment.

    6.    State Defendants are entitled to qualified immunity.

    7.    As to any claims under state law, State Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001, *et seq.*

8. As to any claims under state law, State Defendants are entitled to sovereign immunity in their official capacities.

9. State Defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

10. To the extent that Plaintiff seeks to hold State Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

11. State Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

12. Insufficiency of service of process.

13. Insufficiency of process.

14. Lack of jurisdiction over the person and subject matter.

WHEREFORE, State Defendants Bureau Chief Paul Howard, Commissioner Stanley Taylor and Deputy Warden David Pierce respectfully request that judgment be entered in their favor and against Plaintiff as to all claims and that attorney fees be awarded to them.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Eileen Kelly
Eileen Kelly, I.D. #2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
eileen.kelly@state.de.us

Date: June 26, 2006                    Attorney for State Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2006, I electronically filed *State Defendants' Answer to the Complaint* with the Clerk of Court using CM/ECF. I hereby certify that on June 26, 2006, I have mailed by United States Postal Service, the document to the following non-registered party: William A. Newsom.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us