H:\FILES\DAN\Newsom (FCM)\Answer.wpd

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM ALLEN NEWSOM, | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 05-673 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER STANLEY W. TAYLOR | ) | |
| BUREAU CHIEF PAUL HOWARD, | ) | |
| DEPUTY WARDEN DAVID PIERCE, | ) | JURY OF TWELVE DEMANDED |
| CAPTAIN SAGERS, SECURITY | ) | |
| SUPERINTENDENT CUNNINGHAM, | ) | |
| FIRST CORRECTIONAL MEDICAL, LLC, | ) | |
| DR. SITTA B. ALIE, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT FIRST CORRECTIONAL MEDICAL, LLC'S
### ANSWER TO COMPLAINT

The answers of this Complaint correspond to *Section VI: Statement of Claim* in plaintiff's Complaint.

1. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

2. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

3. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

4. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

5. Denied.

6. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

7. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

8. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

9. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

10. Wrongful conduct by answering defendant is denied and it is denied that any conduct by answering defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

11. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

12. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

13. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

14. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

15. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

16. Admitted upon information and belief.

17. Answering defendant is without sufficient information to admit or deny the

allegations of this paragraph.

17. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

18. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

19. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

20. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

21. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

22. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

23. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

24. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

25. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

26. Answering defendant is without sufficient information to admit or deny the allegations of this paragraph.

27. Wrongful conduct by answering defendant is denied and it is denied that any conduct by answering defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

## VI. Claim for Relief

1. Denied.

2. Denied.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim against defendant FCM upon which plaintiff may recover.

2. The complaint fails to state a claim against defendant FCM upon which plaintiff may recover with respect to all claims for civil rights violations, including all claims under 42 U.S.C. §1983 and the 8th Amendment of the Constitution of the United States, as there is no vicarious liability for civil rights claims.

3. The complaint fails to state a claim against defendant FCM upon which plaintiff may recover with respect to all civil rights claims as defendant FCM was not deliberately indifferent to a serious medical condition.

4. Plaintiff's claims are barred by operation of the applicable statute of limitations.

5. Plaintiff's claims are barred under 18 Del.C. §6853(a)(1) as plaintiff did not file an affidavit of merit as required under Delaware Law.

6. Defendant FCM provided plaintiff with medical care that was appropriate for his condition and which met the applicable standards of care.

7. Plaintiff has failed to proffer any medical expert testimony or support for his claims of medical negligence.

8. The complaint fails to state a claim for punitive damages upon which plaintiff may recover.

9. Plaintiff has failed to exhaust his administrative remedies.

10. Pursuant to F.R.C.P. 4(m) Plaintiff has failed to serve defendant FCM within 120 days of filing the Complaint.

**WHEREFORE**, defendant First Correctional Medical demands that the action against it be dismissed and that it be awarded the costs of the defense of this action.

                              **McCULLOUGH & McKENTY, P.A.**

                              /s/ Dana Spring Monzo
                              Daniel L. McKenty, Del. Bar No. 2689
                              Dana Spring Monzo, Del. Bar No. 4605
                              1225 N. King Street, Suite 1100
                              P.O. Box 397
                              Wilmington, DE 19899-0397
                              (302) 655-6749
                              Attorneys for First Correctional Medical, LLC.

Date: June 27, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM ALLEN NEWSOM, | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 05-673 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER STANLEY W. TAYLOR | ) | |
| BUREAU CHIEF PAUL HOWARD, | ) | |
| DEPUTY WARDEN DAVID PIERCE, | ) | JURY OF TWELVE DEMANDED |
| CAPTAIN SAGERS, SECURITY | ) | |
| SUPERINTENDENT CUNNINGHAM, | ) | |
| FIRST CORRECTIONAL MEDICAL, LLC, | ) | |
| DR. SITTA B. ALIE, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, **Dana Spring Monzo**, hereby certify that on this date a copy of the attached ***Defendant First Correctional Medical, LLC's Answer to Complaint*** was served via first class mail upon the following:

William A. Newsom
S.B.I.# 257317
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty, Del. Bar No. 2689
Dana Spring Monzo, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for First Correctional Medical, LLC.

Date:  June 27, 2006