IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

William A. Newsom,                    )
Plaintiff,                           )       C.A. No. 05-673-GMS
          v.                         )
Bureau Chief Paul Howard, et. al,    )       Jury Trial Requested
Defendants.                          )

```
┌──────────────────────────────┐
│          FILED               │
│  ┌────────────────────┐      │
│  │    AUG - 8 2006     │      │
│  └────────────────────┘      │
│     U.S. DISTRICT COURT       │
│  DISTRICT OF DELAWARE         │
└──────────────────────────────┘
```
Scanned

PLAINTIFF'S RESPONSE TO STATE DEFENDANTS'
ANSWER TO THE COMPLAINT

          Comes now the plaintiff, William A. Newsom, Pro Se, responding
to the state defendants answer to his complaint, as well as responding to
defendants affirmative defenses:

PLAINTIFF'S REQUEST FOR RELIEF

          State defendants' alleged response to plaintiff's request is
that the plaintiff is not entitled to compensatory, punitive, or any mon-
-etary damages.

          Plaintiff now argues that he is entitled to compensatory, puni-
-tive, and other monetary relief pursuant to 42 U.S.C. sec.1997 e(e) for
mentel or emotional injury as well as pain and suffering where there was
a prior showing of "physical injury".

          "Physical Injury" was not clearly defined by Legislature under
42 U.S.C. 1997 e(e), however, in People v. Fields, 448 Mich. 58,67,528 N.
W. 2d 176 (1995) - "Because legilature did not define "physical injury",
This court must give those words their common, ordinary meanings". The
8th Amendment violation of deliberate indifference inflicted upon the pl-
-aintiff by the state defendants causing him physical harm and permanent
injury due to their reckless or callous indifference violating his feder-
-ally protected rights entitles him to compensatory damages (for physical
harm suffered) and punitive damages (for the state defendants purposeful
callous or reckless indifference). The harm that was suffered rises well
above the  De Minimis standards:

Hill v. Marshall, 962 F.2d 1209 (6th Cir. 1992)
Larez v. City of Los Angeles, 946 F.2d 630 (9th Cir. 1991)
Marchese v. Lucas, 758 F. 2d 181 (6th Cir. 1985)
Smith v. Wade, 461 U.S. 30, 75 L.Ed. 2d 632, 103 S Ct. 1625 (1983)


## PLAINTIFF'S RESPONSE TO STATE DEFENDANTS' AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE- " Plaintiff has failed to state a claim
upon which relief can be granted".

Plaintiff avers that the United States District Court for the District
of Delaware has stated clearly in its order dated March 31, 2006 that, "The
court has recognized and identified a cognizable 8th Amendment claims within
the meaning of 28 U.S.C. § 1915 A(b) against state defendants Bureau Chief
Paul Howard, Commisioner Stanley W. Taylor, Deputy Warden David Pierce,
Captain Sagers and Security Superintendent  Cunningham. It is presumed that
the court has based this decision on the plaintiff's Prima Facie case and
the numerous amounts of attached evidence to his complaint to support his
claim.

SECOND AFFIRMATIVE DEFENSE- " Plaintiff has failed to exhaust his
administrative remedies"

Plaintiff has attached copies of repeatedly filed grievances to his
complaint to show his exhaustion of administrative remedies. The Department
of Corrections failed to respond to the plaintiff's three grievances within
the time allowed for a decision, Bowers v. mounet,2001 WL at *2 (D.Del,
July 18,2001). While the plaintiff did not get a response in a timely matter
through filing continuous grievances, he has satisfied the exhaustion re-
-quirement, Amaro v. Taylor F.Supp., 2001 WL 1346497(D. Del. 2001), Goode
v. Correctional Medical Services, F.Supp. 2d, 2001 WL 1346500 at *2 (D.
Del. 2001), and Long v. Lafko, 2001 WL 863422 at *2n. 1 (S.D.N.Y., July
31,2001)- stating that, " If the prisoner documents "a reasonable attem-
pt to exhaust " that is " deliberately disregarded or otherwise not responded

to", the court will deny a motion to dismiss". Above and beyond submitting
grievances, when plaintiff was denied his right to be present at his formal
Level II grievance hearing (right established by the institutions manual
in 4.4 of grievance procedures) on September 14, 2004, which was almost
a year after filing first grievance, his grievance was denied. Plaintiff
filed an appeal dated September 17, 2004.

When plaintiff did not hear anything about his appeal, he filed
a regular grievance on November 22, 2004 requesting an investigation as
to why plaintiff was denied his right to be present at level II hearing,
and why he never received a response to his appeal. Plaintiff received
a response on December 8, 2004 stating that, "You have exceeded the time
for filing, put in another sick call slip then grieve again if nothing
happens". It appears at this point that plaintiff exhausted all of his
administrative remedies due to his diligent efforts being thwarted by the
correctional administration, Nitz v. French 2001 WL 747445 at *3 (N.D.
Ill., July 2, 2001). The plaintiff further tried to exhaust administrative
remedies through an informal process of sending letters to state officials
and administrative members of the Department of Corrections. These letters
were sent out between the dates of July 19, 2004 through September 22,
2004, complainig about the denial of proper medical treatment and requesting
these individuals to investigate and intervene. In response to my letter
to Governor Minner, she sent my information to Commisioner Stanley W.
Taylor requesting him to take appropriate action. Nothing more was done.
In response to my letter to Deputy Warden Burris, she asked Deputy Warden
Pierce, Captain Sagers, and Security Superintendent Cunningham to investigate
and take appropriate action. Nothing more was done. Plaintiff then sent
a letter to Bureau Chief Paul Howard as a final appeal and plea for help.
Bureau Chief Paul Howard never responded back. Plaintiff did all he could
to exhaust his administrative remedies, Camp v. Brennan, 219 F. 3d 279
( 3rd Cir. 2000), Noguera v. Hasty, 2000 WL 1011563 at * 11 (S.D.N.Y.,
July 21, 2000), and Prendergast v. Janecka, 2001 WL 793251 at *1 (E.D.
Pa., July 10, 2001).


THIRD AFFIRMATIVE DEFENSE- "State defendants are immune from liabilty under
the Eleventh Amendment".

State defendants are not immune from liability under the Eleventh Amendment
based on the legal standard that, "suits against state officers in their
individual capacities are not barred by the Eleventh Amendment", as well
as, "supervisory officials sued in their individual capacity are answerable
in a § 1983 action where there is casual connections between their own
actions and the claimed civil rights violation", Medcalf v. State of Kansas,
626 F. Supp. 1179 (D. Kan. 1986). It is clearly stated that the plaintiff
is suing the state defendants in their individual capacities.

   FOURTH AFFIRMATIVE DEFENSE- " State defendants are entitled to qualified
   immunity".

   State defendants are not entitled to qualified immunity while acting
under the  color of state law, and depriving the plaintiff of the right
guaranteed by the Constitution or laws of the United States to necessary
medical care while in custody, Gerakaris v. Champagne, 913 F. Supp. 646
(D. Mass. 1996).
   Furthermore, the state defendants do not have the protection of quali-
fied immunity when they knew or should have known that their actions violated
clearly established law and deprived the plaintiff of his rights. Plaintiff
relied upon prison authorities to treat his medical needs; when the state
defendants failed to do so, his needs were not met, Estelle v.Gamble, 429
U.S. 97, 103, 97 S Ct. 285 (1976), and Hunt v. Uphoff, supra 199 F 3d at
1224- stating that, "Officials may be liable when a delay results in a lifelon
handicap or permanent loss".


   FIFTH AFFIRMATIVE DEFENSE)- "As to any claims undser state law, state
   defendants are entitled to immunity under STATE TORT CLAIMS ACT, 10
Del. C. § 4001, et seq."

   State defendants do not qualify for immunity under the STATE TORT CLAIMS
ACT do to their reckless and callous acts that amounted to deliberate ind-
fference, an action that violated plaintiff's constituional rights, Estelle
v. Gamble at 104-05, and Borreti v. Wiscomb, 930 F. 2d 1150, 1154-55 (6th
Cir. 1991)- stating that, "A prisoner who suffers pain needlessly when relief

is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering".

SIXTH AFFIRMATIVE DEFENSE- "As to any claims under state law, state defendants are entitled to sovereign immunity in their official capacity'

Plaintiff has brought a cognizable 8th Amendment claim against state defendants in their individual capacities acting under color of law. State defendants are not being sued in their official capacities, nor can they be considered a state entity with the privilage of sovereign immunity, **Medcalf v. State of Kansas, 626 F. Supp. 1179 (D. Kan. 1986)**.

SEVENTH AFFIRMATIVE DEFENSE- "State defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivation".

State defendants are held liable under the subjective component of their state of mind. Stae defendants were deliberately indifferent under a subjective standard when they knew of and disregarded an excessive risk to the plaintiff's health or safety, **Farmer v. Brennan, supra 511 U.S. at 837**. Furthermore, the plaintiff notified everybody from state officials to Department of Corrections administrative staff to let them know of the medical deprivation he was suffering, state defendants subjectively knew about the deprivation and refused to remedy it, **Crowley v. Hedgepeth, 109 F. 3d 500, 502 (8th Cir. 1997)**.

EIGHTH AFFIRMATIVE DEFENSE- "To the extent that the plaintiff seeks to hold the state defendants liable based on supervisory responsibility, the doctrine of vicarious liability is not a basis for liability under 42 U.S.C § 1983".

State defendants as prison officials can be personally liable in this civil case for their actions in the course of their office. Plaintiff does not seek to hold state defendants vicariously liable for First Correctional Medicals misconduct, but rather, the state defendants had a job to do, and they did not do it. Their failure to do their job resulted directly in a violation of the plaintiff's 8th Amendment rights, **Hill v. Marshall, 962**

F. 2d 1209 (6th Cir. 1992). Although the Delaware Department of Corrections had contracted with a private medical contractor, the state defendants are still liable when the private medical provider did not provide adequate medical care and the state defendants had knowledge of that failure, <u>West v. Atkins,supra 487 U.S. at 53</u>, and <u>Leach v. Shelby County Sheriff, supra 891 F 2d at 1250.</u>

NINTH AFFIRMATIVE DEFENSE- "State defendants, in their official capacities are not liable for4 alleged violation of plaintiff's constitutional rights as they are not "persons" within the meaning of 42 U.S.C. § 1983".

State defendants are not being sued by the plaintiff in their official capacity. <u>PLAINTIFF BROUGHT ACTION AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITY</u>, <u>Hafer v. Melo, 502 U.S. 21 ,116 L. ed. 2d 301,112 S Ct. 358 (1991)</u>-stating that, "We hold that state officials, sued in their individual capacity are "persons" within the meaning of § 1983".

TENTH AFFIRMATIVE DEFENSE- "Insufficiency of service of process"

Persuent to Fed. R.Civ. P. 4(c)(2) and (d)(2), the plaintiff completed origional "U.S. Marshall-285" forms for each of the defendants as wellas for the states attorney general. Plaintiff also provided the correct number of copies of the complaint for each defendant. Plaintiff followed all court rules and request for service of process.

ELEVENTH AFFIRMATIVE DEFENSE- "Insufficiency of process"

Plaintiff followed all request and directions of the court order regarding when and how the filing of complaint and service upon the defendants was to be done.

FINAL AFFIRMATIVE DEFENSE  "Lack of jurisdiction over the person and subject matter"

Plaintiff brought his suit pursuent to 42 U.S.C. sec. 1983 because his constitutional rights were violated by individuals acting under the color of state law. Jurisdiction is based upon 28 U.S.C. sec. 1331 and 1343. The

court also has supplemental jurisdiction over the state claims.

## CONCLUSION

State defendants answer to plaintiff's complaint was without any response. Through plaintiff's whole complaint, the state defendants answer repeatedly stated that they "were without sufficient evidence to admit or deny any of the allegations set forth in the complaint". However, state defendants seek to have complaint dismissed on many affirmative defenses.

Wherefore, plaintiff William A. Newsom, Pro Se, request that the states request for judgement be denied. Plaintiff further request that judgement be awarded in his favor.

August 2, 2006

William A. Newsom
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware   19977

## Certificate of Service

I, _WILLIAM A. NEWSOM_____ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _PLAINTIFF's RESPONSE TO STATE_

_DEFENDANTS' ANSWER TO THE COMPLAINT_____ upon the following

parties/person (s):

TO: _CLERK OF COURT_____      TO: _____

_UNITED STATES DISTRICT COURTHOUSE_____

_844 N. KING ST._____      _____

_LOCK BOX 18_____

_WILMINGTON, DELAWARE 19801_      _____

TO: _EILEEN KELLY, DAG_____      TO: _____

_CARVEL STATE OFFICE BUILDING_      _____

_820 N. FRENCH ST. 6TH FLOOR_      _____

_WILMINGTON, DELAWARE_      _____

_19801_      _____

**BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United**
**States Mail at the Delaware Correctional Center, Smyrna, DE 19977.**

On this __2nd__ day of _AUGUST_____ ,200_6_

_William a. Newsom_



INM WILLIAM A. NEWSOM
SBI# 257317     UNIT  V-BLDG /B-8
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

WILMINGTON.DE
07 AUG 2006 PM

CLERK OF COURT
UNITED STATES DISTRIC COURTHOUSE
844 N. KING ST., LOCK BOX 18
WILMINGTON, DELAWARE
19801