IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| William A. Newsom ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-673GMS |
| ) | |
| Stanley W. Taylor, et al. ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

Brief in Opposition to Defendant FCM's Motion to Dismiss

Now comes the plaintiff, William A. Newsom, pro-se, moving this honorable court to deny the defendnat's motion to dismiss pursuant to F.R.C.P. 12(b)(6) for failure to state a claim. In support of this brief, the plaintiff offers the following:

Background

1. Plaintiff is an inmate in the Delaware Correctional System.

2. Defendant's FCM were the medical providers for the Delaware Correctional System from July 1, 2002 to June 30, 2005.

3. In plaintiff's complaint, he alleges civil rights violations against defendnat's FCM for lack of propper health care that rised to meet deliberate indifferance standards.

4. On May 18, 2007, defendant's FCM filed a motion to dismiss.

Legal Standards

5. Defendnat's claim that there is no vicarious liability for civil rights claims, citing Hyson v. Correctional Medical Services, C.A. No. 02-318(SLR)(D.Del. Feb. 6, 2003). This claim should be dismissed. In the case at bar, plaintiff has established that defendant's FCM

had actual knowledge and acquiescence of plaintiff's fractured and dislocated finger, and yet ignored the outside orthopedic surgeon's reccomendation for significant reconstructive hand surgery (see Exhibit A). Defendnt's FCM performed radiographs and submitted them to Diagnostic Imaging Associates for interppretation. Their report showed a fractured and dislocated finger as well (see Exhibit B). Furthermore, plaintiff exhausted his administrative remedies through the level III process where the Bureau Chief upheld the plaintiff's appeal request. At this point, according to the appeal grievance information, defendnat's FCM agreed to send the plaintiff back out for another hand surgeon consult on March 11, 2005 (see Exhibit's C1, C2, and C3). Defendant's FCM never did send the plaintiff out as they agreed to do. To add to the plaintiff's claim of the defendnat's personal involvement and knowledge, defendnat's FCM had a policy established showing that before an individual could be sent for treatment outside of the institution, a "consult request" had to be personaly be approved by them first. This show that defendant's FCM had direct knowledge of plaintiff's unresolved healthcare problem. Plaintiff has attached as an example, a copy of a "consultation request" (see Exhibit D).

    Plaintiff cites: Monell v. Department of Social Services, 436 U.S. 658 (1978); Rode v. Dellarciprete, 845 F.2d. 1195, 1207 (3rd Cir. 1988); Swan v. Daniels, 923 F. Supp. 626, 633 (D.Del. 1995); and Natale v. Camden County Correctional Facility, 318 F.3d. 575, 584 (3rd Cir. 2003). These cases support the plaintiff's claim that his complaint along with physical documentation is sufficient in showing that defendant's FCM had actual knowledge with appropriate particularity regarding their personal involvement.

    6. Defendnat's claim plaintiff did not file an affidavit of merit pursuent to 18 Del. C. 6853(a)(1). Plaintiff is not alleging medical negligence, but rather a civil rights claim of deliberate indifferance. An affidavit of merit is not needed in the case at bar, and this claim by the defendant's should be dismissed as well.

    7. Under these legal standards, defendant's FCM's motion to dismiss is unwarranted.

Plaintiff clearly has not failed to state a claim against defendant's FCM.

When analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all allegations of the complaint in favor of the plaintiff, *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 1 F.3d. 478, 483 (3rd Cir. 1998). Furthermore, a complaint should only be dismissed when the plaintiff can prove no set of facts in support of his claim, *Kost v. Kozakiewicz*, 1 F.3d. 176, 183 (3rd Cir. 1993); *Amiot v. Kemper Insurance Company*, 122 Fed. Appx. 577, 579 (3rd Cir. 2004).

### Conclusion

For all the above reasons, the plaintiff respectfully request that defendant's FCM's motion to dismiss be denied.

Respectfully submitted,

*William A. Newsom*

Date: August 29, 2007

William A. Newsom
SBI#257317
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

3734300                          William Newsome
                                 DOB:  8/10/72

10/17/03  Letter to Dr. Tatagari

CC:  Right long finger pain.

HPI:  This is a 31-year-old, right hand dominant male who presents after sustaining an injury to his right long finger approximately 4 weeks ago. He states he sustained a fracture and dislocation of the finger. He was initially treated with attempted closed reduction of the finger. He now presents for further evaluation. He continues to have pain and swelling as well as some deformity about the long finger. He denies any numbness or tingling in the finger. He denies any injury to the remaining digits of the hand.

On PE of the right long finger, there is diffuse swelling about the PIP joint. There is diffuse tenderness to palpation over the PIP joint as well. There is no tenderness over the DIP or MCP joints. There is rotatory malalignment noted of the long finger. Sensation is intact to gross touch. Capillary refill is less than 2 seconds. There is very limited motion at the PIP joint secondary to pain.

X-rays of the right long finger were reviewed. They show a chronic fracture-dislocation of the PIP joint of the long finger with evidence of early callus formation. There is persistent dorsal subluxation of the proximal phalanx.

IMPRESSION:  Chronic right long finger dorsal PIP joint fracture-dislocation.

PLAN:  The diagnosis was explained to the patient and all questions were answered. At this point, he understands this is going to require significant reconstructive surgery and possible eventual fusion of the joint. It was explained that this should be performed by a hand surgeon at this point. Recommendations for hand surgeons will be made to the correctional facility. This referral should be made as soon as possible to prevent further stiffness at that joint. The patient will return to this office on an as needed basis.

                         Stephen G. Manifold, M.D./CMW

EXHIBIT "A"

**Diagnostic Imaging Associates, P.A.**



Pike Creek Imaging Enterprises, L.L.C.
3105 Limestone Road Suite 106
Wilmington, DE 19808
(302) 995-2037
FAX (302) 633-8311

October 2, 2003

Xe-Khy Tzo, M.D., A.B.R., C.A.Q. (Neuroradiology), Co-Director
Joseph R. Peacock, M.D., Co-Director
Myung Soo Lee, M.D., A.B.R., C.A.Q. (Pediatric & Neuroradiology)
Philip W. Choo, M.D., A.B.R., C.A.Q. (Neuroradiology)
Rita Gottesman, M.D., A.B.R.
Ralph Noah, M.D., A.B.R.
Mithlosh Singh, M.D., A.B.R., M.B.B.S.
Muhammad I. Haq, M.D., A.B.R.

Delaware Correctional Center
1181 Paddock Rd
Smyrna, DE 19977

Note: The radiographs were performed by First Correctional Medical and submitted to Diagnostic Imaging Associates, P.A. for interpretation only.

WILLIAM NEWSOME    DOB: 8/10/72    DOS: 9/29/03    Date Submitted: 9/30/03
SBI# 257317

**RIGHT HAND**

History: Rule-out fracture.

Comments: PA, lateral and external oblique views of the right hand were obtained.

Deformity of the 3rd finger about the proximal interphalangeal joint was noted, a finding which was associated with fragmentation of the volar aspect of the base of the middle phalanx of the 3rd finger and 100% dorsal displacement with 4 mm overriding of the base of the middle phalanx with reference to the proximal phalanx of the 3rd finger and mild circumferential soft tissue prominence. All the latter findings are characteristic of an acute fracture - volar fracture of the "fragment type" and dislocation of the middle phalanx of the 3rd finger. The volar plate fragment of the middle phalanx measures approximately 8 mm in its greatest dimension and involves 50% of the articular surface of the middle phalanx and is separated from the same approximately 4 mm at its greatest point.

The osseous structures, visualized joints and overlying soft tissues otherwise were unremarkable.

**IMPRESSION:** Right Hand:

1) ACUTE VOLAR PLATE FRACTURE DISLOCATION - MIDDLE PHALANX/3RD FINGER as reviewed.

JRP/pml

Joseph R. Peacock, M.D.

EXHIBIT "B"
Pull Chart
10/7

**DEPARTMENT OF CORRECTION**
Bureau of Prisons
245 McKee Road
Dover, Delaware 19904

May 10, 2005

Inmate NEWSOM WILLIAM A
SBI # 00257317
DCC Delaware Correctional Center
SMYRNA DE, 19977

Dear WILLIAM NEWSOM:

We have reviewed your Grievance Case # 5226 dated 07/19/2004.

Based upon the documentation presented for our review, we uphold your appeal request.

Accordingly, there is no further issue to mediate nor Outside Review necessary as provided by BOP Procedure 4.4 entitled "Inmate Grievance Procedure", Level III appeals.

Sincerely,

Paul W. Howard
Bureau Chief

EXHIBIT "C-1"

DCC  Delaware Correctional Center  Date: 05/13/2005
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

# GRIEVANCE INFORMATION - BGO

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name:** NEWSOM, WILLIAM A | **SBI#** : 00257317 | **Institution** : DCC |
| **Grievance #** : 5226 | **Grievance Date** : 07/19/2004 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status** : Level 3 | **Inmate Status** : |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 09/25/2003 | **Incident Time** : 14:00 |
| **IGC** : Merson, Lise M | **Housing Location** : Bldg V, Tier D, Cell 1, Single | |

## REFERRED TO

**Due Date:**   **Referred to:**   **Name:**

**Type of Information Requested:**

## DECISION

**Date Received:** 08/12/2004

**Decision Date:** 03/15/2005   **Vote:** Uphold

**Comments** :
On March 11, 2005 FCM agreed to send the Grievant to an outside hand surgeon consult.

EXHIBIT "C-2"

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 05/13/2005

## GRIEVANCE INFORMATION - Bureau Chief

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** NEWSOM, WILLIAM A | **SBI# :** 00257317 | **Institution :** DCC |
| **Grievance # :** 5226 | **Grievance Date :** 07/19/2004 | **Category :** Individual |
| **Status :** Resolved | **Resolution Status :** Level 3 | **Inmate Status :** |
| **Grievance Type:** Health Issue (Medical) | **Incident Date :** 09/25/2003 | **Incident Time :** 14:00 |
| **IGC :** Merson, Lise M | **Housing Location :** Bldg V, Tier D, Cell 1, Single | |

### DECISION

**Decision Date:** 05/10/2005    **Vote :** Uphold

**Comments :**
I concur with the logic of the BGO's recommendation.

EXHIBIT "C-3"

NO. 9732   P. 9/14
☒035

FIRST CORRECTIONAL MED.

22256 1655

## CONSULTATION REQUEST

☐ Off-site ☐ On-Site Clinic ☐ Telemedicine            Reference #: _____
☐ Urgent ☐ Routine ☐ Retro Request   257317V        Date of Request: 2-7-0?
Inmate: NEWSOM, WILLIAM   Inmate ID#: 257317        DOB: 8-10-72
Site: DCC/CC   Cost Center: _____                  DOI: _____ EDR: _____
3rd Party Insurance (VA, Workmen's Comp, Federal, Interstate Compact, etc.): _____

For security reasons, inmates must NOT be informed of date, time or location of proposed treatment or possible hospitalization. Authorization and payment is provided ONLY for requested procedures or treatments of life-threatening conditions. Prior review/discussion with Medical Director is required for additional treatment, procedures and hospitalizations.

Procedure/Test/Specialty Service Requested: ~~ORTHOPEDICS~~ → NEUROSURGERY
Provider: _____                Initial Visit or F/U? _____   F/U#: _____

| Presumed Diagnosis: | LUMBAR DISC DISEASE |
| Describe Signs & Symptoms: | PERSISTANT S×'s of RADICULOPATHY      Date of Onset: |
| Exam Data/Objective Findings: | |
| Lab & X-ray Data: | L4,5 + L3,4 foraminal impingement on MRI |
| Current Medications: | |
| Failed Outpatient Therapies: | |
| Enrolled in Chronic Care Clinic(s)? ☐ Yes ☐ No   Which Clinic(s)? | |
| Other Diagnosis: | |
| Comments: | Pt REQUESTS OTHER THAN ORTOPEDIST - AGREE |

Site Medical Provider: DURST MD        Signature: Durst MD   Date: 2-8-06
Nurse: _____   Date: _____   Site Medical Director: _____   Date: _____

Criteria Source: ☐ M&R ☑ InterQual         Notes:
Other (specify): _____                    3/8
Criteria Met: ☑  Criteria Not Met: ☐  More Info Needed: ☐    103°
Review #: _____
Initials: DB   Date: 2/13/06

Notify physician or midlevel practitioner immediately if unable to obtain appointment within 4 weeks. If service is not completed in 4 weeks, have patient re-evaluated by physician or midlevel practitioner to determine if service is still necessary and appropriate.

First Correctional Medical Services
1A 9.9.04 MRS shared drive DMRS folder                             401A 9/1

# Certificate of Service

I, William A. Newsom hereby certify that I have served a true and correct copy(ies) of the attached Brief in Opposition to Defendant FCM's Motion to Dismiss upon the following parties/persons:

| | |
|---|---|
| To: Daniel McKenty<br><br>1225 N. King St., Suite 1100<br><br>P.O. Box 397<br><br>Wilmington, Delaware 19899 | To: |
| To: Eileen Kelly, DAG<br><br>Civil Division<br><br>820 N. French St.<br><br>Wilmington, Delaware 19801 | To: |
| To: U.S. District Court<br><br>844 N. King St.<br><br>Lockbox 18<br><br>Wilmington, Delaware 19801 | To: |

BY PLACING IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correction Center, Smyrna, DE 19977.

On this 29th day of August, 2007

*William A. Newsom* (signature)

William A. Newsom
SBI # 257317