## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM A. NEWSOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-673-GMS |
| | ) | |
| BUREAU CHIEF PAUL HOWARD, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

### STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S
### REQUEST FOR DISCOVERY

Stan Taylor, Paul Howard and David Pierce ("State Defendants") hereby respond to Plaintiff's Request for Initial Disclosures pursuant to Fed.R.Civ.P.26(a)(1) and for Production of Documents.

### **GENERAL OBJECTIONS**

1. State Defendants object to the Request for Production to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. State Defendants object to the Request for Production to the extent that it purports to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. State Defendants object to the Request for Production to the extent that it purports to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. State Defendants object to the Request for Production to the extent that it

purports to seek information or documents not in their possession, custody or control.

5.   State Defendants object to the Request for Production to the extent that it seeks the production of documents equally available to Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendants, but will not be produced.

6.   State Defendants object to the Request for Production to the extent that it purports to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.   State Defendants object to the Request for Production to the extent that it seeks the production of documents generated by or received from counsel for Defendants in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

**RESPONSES**

Subject to, and without waiver of the foregoing General Objections State Defendants respond, as follows:

Plaintiff's discovery directed to the Defendants included an Initial Disclosures request pursuant to Fed.R.Civ.P. 26(a)(1). State Defendants, however, are exempt from filing Initial Disclosures pursuant to Fed.R.Civ.R. 26(a)(1)(E)(iv). Section (E)(iv) states: "The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1), an action brought without counsel by a person in custody of the United States, a state, or a state subdivision." The plaintiff is *pro se* and is in the custody of the State of Delaware; therefore, State Defendants are exempt from filing Initial Disclosures.

## PRODUCTION OF DOCUMENTS REQUEST

Subject to, and without waiver of the foregoing General Objections State Defendants respond, as follows:

1.  A servable address for retired Security Superintendent Cunningham who was employed as the Delaware Correctional Center. This individual was dismissed without prejudice on May 3, 2007. Because he is a Key defendant in plaintiff's case, plaintiff will be amending his complaint to add this individual back on his complaint as a defendant.

**RESPONSE:** Objection. Under Rule 4(c) it is the responsibility of the plaintiff, not the Defendants already served to see that the summons and complaint are served within the time period permitted under Rule 4(m). Defendant Cunningham is retired, and his DOC personnel records are specifically prohibited from disclosure to the public, or to an inmate pursuant to 29 *Del. C.* § 10002(g)(1) and (g)(13).

2.  A servable address for retired Captain Clyde Sagers who was employed as the Delaware Correctional Center. This individual was dismissed without prejudice on May 3, 2007. Because he is a key defendant in plaintiff's case, plaintiff will be amending his complaint to add this individual back on his complaint as a defendant.

**RESPONSE:** Objection. Under Rule 4(c) it is the responsibility of the plaintiff, not the Defendants already served to see that the summons and complaint are served within the time period permitted under Rule 4(m). Defendant Sagers is retired, and his personnel records are specifically prohibited from disclosure to the public, or to an inmate by 29 *Del. C.* § 10002(g)(1) and (g)(13).

                              **DEPARTMENT OF JUSTICE**
                              **STATE OF DELAWARE**

                              <u>/s/ Catherine Damavandi</u>
                              Catherine Damavandi (I.D. 3823)
                              Deputy Attorney General
                              820 N. French St., 6th Floor
                              Wilmington, DE 19801
                              (302) 577-8400
                              Attorney for Defendants
                              <u>catherine.damavandi@state.de.us</u>

Dated: January 18, 2008

## *CERTIFICATE OF SERVICE*

I hereby certify that on January 18, 2008, I electronically filed *State Defendants' Response to Plaintiff's Requests for Discovery* with the Clerk of Court using CM/ECF. I hereby certify that on January 18, 2008, I have mailed by United States Postal Service, the document to the following non-registered party:

William Newsome, Inmate
SBI#257317
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

 

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Catherine Damavandi
Catherine Damavandi, ID#3823
Deputy Attorney General
Department of Justice
Carvel State Bldg., 6th Fl.,
820 N. French Street
Wilmington, DE  19801
catherine.damavandi@state.de.us