IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM A. NEWSOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 05-673-GMS |
| | ) |
| BUREAU CHIEF PAUL HOWARD, | ) |
| COMMISSIONER STANLEY TAYLOR, | ) |
| DEPUTY WARDEN DAVID PIERCE, | ) |
| FIRST CORRECTIONAL MEDICAL, | ) |
| LLC, and UNKNOWN DEFENDANTS. | ) |

## MEMORANDUM

## I. BACKGROUND

The plaintiff, William A. Newsom ("Newsom"), an inmate at the Delaware Correctional

Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted

permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) Newsom

alleges the defendants violated his constitutional rights when they were deliberately indifferent to

his serious medical needs. More specifically, he alleges a lack of medical treatment as a result of

a severe finger injury sustained on September 25, 2003. Pending before the court is the

defendant, First Correctional Medical, LLC's ("FCM") motion to dismiss and Newsom's

response thereto. (D.I. 54, 64.) Also before the court is Newsom's motion to amend pleading.

(D.I. 63.)

## II. DISCUSSION

### A. Motion to Dismiss

#### 1. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a

claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all
factual allegations in a complaint as true and take them in the light most favorable to plaintiff.
*Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403,
406 (2002). A complaint must contain "'a short and plain statement of the claim showing that
the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is
and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964
(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does
not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of
his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual
allegations must be enough to raise a right to relief above the speculative level on the assumption
that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations
omitted). Newsom is required to make a "showing" rather than a blanket assertion of an
entitlement to relief. *Phillips v. County of Allegheny*, No. 06-2869, 2008 WL 305025, at \*5 (3d
Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the
requirement that he or she provide not only "fair notice," but also the "grounds" on which the
claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim
requires a complaint with enough factual matter (taken as true) to suggest' the required element."
*Phillips v. County of Allegheny*, 2008 WL 305025, at \*6 (quoting *Twombly*, 127 S.Ct. at 1965
n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply
calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the
necessary element." *Id.* Because Newsom proceeds *pro se*, his pleading is liberally construed

and his complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007)

(citations omitted).

FCM advances two theories in support of dismissal of the allegations against it. It argues

that the complaint fails to state a claim upon which relief may be granted and Newsom did not

file an affidavit of merit as is required for state medical negligence claims.

### 2. Failure to State a Claim

FCM argues that the complaint fails to state a claim against it because there is no

vicarious liability in a § 1983 civil rights action. Therefore, it should be dismissed as a

defendant. Newsom alleges he injured his finger on September 25, 2003, he was denied medical

care following the injury, and he did not receive timely and appropriate medical care. The prayer

for relief seeks compensatory and punitive damages.

A civil rights complaint must state the conduct, time, place, and persons responsible for

the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing

*Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State

Police,* 570 F.2d 86, 89 (3d Cir. 1978)). Other than being named as a defendant, there are no

allegations against FCM to suggest that it, in any way, violated Newsom's constitutional rights.

Indeed, the complaint fails to apprise FCM of any of its alleged wrongful actions or inactions.

Additionally, in order to state an inadequate medical treatment claim under the Eighth

Amendment, an inmate must allege deliberate indifference to serious medical needs constituting

"unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. at 104. When a

plaintiff relies on the theory of respondeat superior to hold a corporation liable, he must allege a

-3-

policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). In order to establish that FCM is directly liable for the alleged constitutional violations, Newsom "must provide evidence that there was a relevant [FCM] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

Newsom's complaint does not contain any allegations that, even liberally construed, allege a policy or custom that caused the alleged constitutional violations. Hence, the court finds that, on a motion to dismiss, he has not adequately alleged a policy or custom of denying or delaying medical treatment. Accordingly, the court will grant FCM's motion to dismiss on the basis of failure to state a claim upon which relief may be granted.

### 3. Medical Malpractice

FCM moves to dismiss the medical negligence claim on the basis that Newsom failed to accompany the complaint with an affidavit of merit as required pursuant to 18 Del. Code § 6853(a)(1). In Newsom's response, he states that he is not alleging medical malpractice. (D.I. 64.) Therefore, the court will grant defendants' motions to dismiss the medical negligence claim.

### B. Motion to Amend

On May 3, 2007, the court dismissed the defendants, Captain Clyde Sagers, Security Superintendent Cunningham, and Dr. Sitta B. Alie, for failure to serve pursuant to Fed. R. Civ. P.

-4-

4(m). Newsom moves to amend the court, apparently to reinstate these dismissed defendants and to effect service upon them. (D.I. 63.) He states that he has filed for discovery to obtain the proper "servable" addresses for the foregoing defendants.

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). The court has discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Additionally, if the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990).

While Newsom is seeking the addresses of the previously dismissed defendants, there is no indication that he has actually obtained them. The defendants will not be reinstated in anticipation of the receipt of proposed discovery. Therefore, the court will deny without prejudice, the motion to amend.

## III. CONCLUSION

Based upon the foregoing analysis, the court will grant FCM's motion to dismiss. As to

-5-

FCM, amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). The court will deny without prejudice Newsom's motion to amend. An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Feb 11 , 2008

Wilmington, Delaware

F I L E D

FEB 1 2 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

-6-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM A. NEWSOM,                          )
                                            )
            Plaintiff,                      )
                                            )
    v.                                      ) Civ. Action No. 05-673-GMS
                                            )
BUREAU CHIEF PAUL HOWARD,                   )
COMMISSIONER STANLEY TAYLOR,                )
DEPUTY WARDEN DAVID PIERCE,                 )
FIRST CORRECTIONAL MEDICAL,                 )
LLC, and UNKNOWN DEFENDANTS.                )

**ORDER**

At Wilmington this 11th day of _____Feb._____, 2008, for the reasons set

forth in the Memorandum issued this date

    1.  Defendant First Correctional Medical, LLC's motion to dismiss (D.I. 54) is

**GRANTED**.  As to this defendant, amendment of the complaint is futile.  First Correctional

Medical is dismissed as a defendant.

    2.  Newsom's motion to amend pleading (D.I. 63) is **DENIED without prejudice**.


CHIEF, UNITED STATES DISTRICT JUDGE

FILED

FEB 1 2 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE